IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-88-D

| | | |
|---|---|---|
| NORMAN RANDY WORDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On May 25, 2012, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 41]. In the M&R, Judge Gates recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 35], grant defendant's motion for judgment on the pleadings [D.E. 38], and affirm the final decision of the Commissioner. On June 6, 2012, plaintiff filed objections to the M&R [D.E. 42]. On June 20, 2012, defendant responded to the objections [D.E. 43].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, plaintiff's objections, and defendant's response. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that

there is no clear error on the face of the record.

The court has reviewed de novo the disputed portions of the M&R. Under the Social Security Act, 42 U.S.C. § 405(g), a district court reviewing the Commissioner's final decision to award or deny disability benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence "is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black &Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court has reviewed the M&R, the record, and the objections de novo. Plaintiff (again) argues that the Administrative Law Judge ("ALJ") erroneously substituted his opinion for that of plaintiff's treating physician. See Pl.'s Obj. 3–5. Judge Gates properly analyzed this issue, see M&R 6–11, and the objection is overruled. Plaintiff also objects that Judge Gates and the ALJ erroneously made references to plaintiff's weekly golf game as some proof of plaintiff's ability to work. See Pl.'s Obj. 4–5. Plaintiff states that his golf game actually demonstrates that he cannot

2

attend to any task for a significant amount of time. Id. 4–5. Judge Gates properly analyzed the ALJ's assessment of plaintiff's activities of daily living (including his weekly golf game). See M&R 12. Thus, the objection is overruled.

Plaintiff's objections to the M&R [D.E. 42] are OVERRULED, and the court adopts the M&R [D.E. 41]. Accordingly, plaintiff's motion for judgment on the pleadings [D.E. 35] is DENIED, defendant's motion for judgment on the pleadings [D.E. 38] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 17 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge